UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              | ) |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,    | ) |                          |
|                              | ) |                          |
| v.                           | ) | Case No. 18-mj-54 (RMM)  |
|                              | ) |                          |
| SHAILLY BARNES *et al.*,     | ) |                          |
|                              | ) |                          |
| Defendants.                  | ) |                          |
|                              | ) |                          |

## MEMORANDUM OPINION AND ORDER

Defendants Shailly Barnes ("Ms. Barnes"), Reverend Graylan S. Ellis Hagler ("Rev. Hagler"), Reverend Jimmie Hawkins, ("Rev. Hawkins"), Reverend William Lamar ("Rev. Lamar"), Reverend Hershey A. Mallette ("Rev. Mallette"), Rosalyn Woodward Pelles ("Ms. Pelles"), Noam Sandweiss-Back ("Mr. Sandweiss-Beck"), and Reverend Elizabeth Theoharis ("Rev. Theoharis") (collectively "Defendants") have filed a pending Motion for a Jury Trial. *See generally* Defs.' Mot. for Jury Trial ("Defs.' Mot."), ECF No. 61; *see also* Reply Mem. of Law in Supp. of Defs.' Mot. for Jury Trial ("Defs.' Reply"), ECF No. 76. Defendants have been charged with violating 40 U.S.C. § 6135 (Parades, Assemblages, and Display of Flags on the Supreme Court Grounds), which makes it unlawful to "parade, stand, or move in processions or assemblages in the Supreme Court Building or grounds, or to display in the Building and grounds a flag, a banner, or device designed or adapted to bring into public notice a party, organization, or movement." 40 U.S.C. § 6135. Defendants' trial is scheduled to commence on October 28, 2019. *See* 04/15/2019 Min. Order. Defendants contend that they are entitled to a jury trial because: (1) their charged offense is a serious offense; (2) they have a substantive statutory right to a jury trial under D.C. law which they should not forfeit due solely to the government's selection of a federal forum; and (3) alternatively, the Court should exercise its

discretion to hold a jury trial. The United States counters that the Defendants are not entitled to a jury trial because they have been charged with a petty offense, and the penalties or trial rights that would apply in a District of Columbia Superior Court proceeding are not applicable in federal court. *See generally* Gov't's Omnibus Opp'n to Defs.' Mot. for Jury Trial ("Gov't's Resp."), ECF No. 75. Having considered the parties' arguments and the applicable law, the Court concludes that the Defendants are not entitled to a jury trial, declines to exercise its discretion to allow a jury trial, and therefore DENIES Defendants' motion.

## BACKGROUND

Defendants are a group of eight religious leaders and followers connected to the Poor People's Campaign, a national social justice advocacy group. *See* Defs.' Mot. at 1. According to the United States, there was a large demonstration and march near the Supreme Court on June 11, 2018. *See* Gov't's Resp. at 1. As a portion of the crowd of protesters moved from public sidewalks and the street onto the Supreme Court plaza, members of the United States Capitol Police allegedly issued warnings that the individuals could be arrested if they entered Supreme Court grounds. *Id.* at 2. The United States asserts that Defendants, each wearing clothing identifying them as members of the Poor People's Campaign, walked up the lower stairs of the Supreme Court plaza and gathered near the base of the stairs, eventually giving a speech on a megaphone to onlooking tourists and demonstrators. *Id.* at 1–2. After receiving multiple warnings that they could be arrested, Defendants allegedly continued to demonstrate on the steps of the Supreme Court and were arrested. *See* Information, ECF No. 1.

Defendants have been charged by Criminal Information for a violation of 40 U.S.C. § 6135 because they allegedly "did unlawfully parade, stand, or move in processions or

2

assemblages on the Supreme Court Grounds, or display on the Grounds a flag, banner, or device adapted to bring public a notice a party, organization, or movement." *Id.* On June 12, 2018, each Defendant had an initial appearance and was arraigned before the undersigned in the United States District Court for District of Columbia. *See* 06/12/2018 Min. Entry.

## DISCUSSION

Defendants contend that they are entitled to a jury trial because: (1) the applicable penalty renders the charged offense a serious offense; (2) they have a substantive statutory right to a jury trial under D.C. law and they should not lose that right based on the prosecutor's selection of a federal forum; and (3) alternatively, given the circumstances of this case the Court should exercise its discretion to empanel a jury. The Court will address each argument in turn below.

**I.      Federal Law Classifies Defendants' Charged Offense as a Petty Offense for Which There Is No Entitlement to a Jury Trial.**

The Sixth Amendment of the Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed [.]" U.S. Const. Amend. VI. However, "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision. " *Duncan v. Louisiana,* 391 U.S. 145, 169 (1968); *see also Cheff v. Schnackenburg,* 384 U.S. 373, 379 (1966) ("[A] petty offense . . . does not require a jury trial."). To determine whether a crime is petty or not, courts look to the "severity of the maximum authorized penalty." *Blanton v. North Las Vegas,* 489 U.S. 538, 541 (1989). An offense that imposes a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties that are so severe that they indicate that the legislature considered the offense to be serious. *Lewis v. U.S.,* 518 U.S. 322, 326 (1996).

A violation of 40 U.S.C. § 6135 is punishable with a maximum of sixty days in jail and $5,000 maximum fine. Congress defined the maximum penalty in 40 U.S.C. § 6137, which provides that an individual who violates the relevant subchapter of U.S. Code Title 40, Chapter 61 may be imprisoned for up to sixty days and/or fined pursuant to Title 18. *See* 40 U.S.C. § 6137. Under Title 18, Congress classified any offense carrying a maximum term of imprisonment of six months or less, but more than thirty days, as a Class B misdemeanor. *See* 18 U.S.C. § 3559(a)(7). Accordingly, Defendants' violation is a Class B misdemeanor, which carries a maximum potential fine of $5,000. *See* 18 U.S.C. § 3571(b)(6) (setting $5,000 as the maximum potential fine for Class B misdemeanors). Consequently, Defendants have been charged with an offense that is presumptively considered a petty offense that does not entitle Defendants to a jury trial.

In *United States v. Nactigal,* the Supreme Court found that a defendant who faced a maximum term of imprisonment of six months and $5,000 in fines based on a DUI charge did not have a right to a jury. *See generally United States v. Nactigal,* 507 U.S. 1 (1993). The Court first reasoned that because the maximum term of imprisonment was six months, the DUI was presumptively a petty offense. *Id.* at 4. The Court next analyzed the additional fine penalties to determine whether they overcame the presumption, ultimately holding that a $5,000 penalty and a probation alternative were "not sufficiently severe to overcome [the] presumption." *Id.* at 5.

Here, the Defendants' potential penalty of sixty days in jail falls well below the six-month "petty offense" cap, creating a presumption that it is a petty offense. Similarly, like the $5,000 DUI maximum penalty in *Nactigal,* Defendants' additional potential $5,000 maximum fine is not sufficient to overcome the presumption that the crime is a petty offense. Therefore,

4

based both on the maximum terms of imprisonment and the potential for additional penalties, the Defendants' charge qualifies as a petty offense which does not trigger a right to a jury trial.

Defendants suggest that the Court should deem Defendants' charged offense "serious" because Defendants would have a right to a jury trial if they were prosecuted in Superior Court. *See* Defs.' Mot. at 3–7; *see also* Defs.' Reply at 2. The D.C. Council has afforded a right to a jury trial to state court defendants charged with crimes that carry a potential fine of more than $1,000 or a potential sentence of more than 180 days. *See* D.C. CODE § 16-705(b). Thus, the potential $5,000 fine that Defendants face would entitle them to a jury trial in Superior Court.

Regardless of the rights that may apply in state court, Congress clearly intended that Defendants' charge be considered a petty offense, not a serious one. When a legislature establishes the maximum penalty for a crime, it "include[s] within the definition of the crime itself a judgment about the seriousness of the offense." *Frank v. United States,* 395 U.S. 147, 149 (1969); *see also Lewis,* 518 U.S. at 328. When Congress set a maximum penalty of sixty days imprisonment for violations of 18 U.S.C. § 6135, it defined the offense as a Class B misdemeanor carrying a potential fine of up to $5,000. *See* 18 U.S.C. § 3559(a)(7). Separately, Congress explicitly defined a "petty offense" as a Class B misdemeanor that carries a potential fine not greater than the $5,000 fine set forth in 18 U.S.C. §§ 3571(b)(6) or (7). *See* 18 U.S.C. § 19. Therefore, Congress clearly intended to classify Defendant's alleged conduct as a petty offense. Even assuming that the D.C. Council's decision to classify such offenses as serious enough to warrant a jury trial has some merit on policy grounds, "[t]he judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task." *Blanton,* 489 U.S. at 541.

## II. The Right to a Jury Trial in D.C. Superior Court Under D.C. Law Does Not Entitle Defendants to a Jury Trial in a Federal Forum.

Defendants also argue that D.C.'s local laws give them a substantive right to a jury trial in federal court. *See* Defs.' Mot. at 3–5. Under D.C. law, a defendant who is charged with an offense punishable by more than 180 days of imprisonment or $1,000 is statutorily entitled to a trial by jury. *See* D.C. CODE § 16-705(b). As noted, if convicted of violating 40 U.S.C. § 6135, Defendants face a maximum penalty of sixty days in jail and a $5,000 maximum fine. *See* 40 U.S.C. § 6135 (2018); 18 U.S.C. §3571. Violations of 40 U.S.C. § 6135 may be prosecuted in either the United States District Court or the D.C. Superior Court. *See* 18 U.S.C. §3571. If this action had been prosecuted in D.C. Superior Court, the potential $5,000 fine would entitle Defendants to a jury trial. *See* D.C. Code § 16-705(b). Defendants contend that the selection of a federal forum should not deprive them of the statutory right to a jury trial that would otherwise apply in D.C. Superior Court. *See* Defs.' Mot. at 3–5, 7–8.

The federal law governing this case does not entitle Defendants to a jury trial. Congress expressly permitted the United States to prosecute violations of Section 6135 in federal court. Prior to the 2004 amendments to the relevant statute, the law only authorized prosecution in the Superior Court of the United States. *Compare* H.R. 2068, 107th Cong. § 6137 (2002) (enacted) (only listing the D.C. Superior Court as a possible venue for prosecution) *with* Extension of Authority of the Supreme Court Police, S. 2742, 108th Cong. § 2 (2004) (enacted) (including both District Court and Superior Court as possible venues for prosecution). When Congress expanded venue to this Court, it could have enacted language tying a defendant's right to a jury trial or any other substantive rights in federal court to the procedures that would have governed a Superior Court prosecution under Section 6135. "In construing statutes, the Supreme Court has found it 'always appropriate to assume that our elected representatives . . . know the law.'" *Blitz*

*v. Donovan,* 740 F.2d 1241, 1245 (D.C. Cir. 1984)(citing *Cannon v. University of Chicago,* 441 U.S. 677, 696–97 (1979)). Congress presumably was aware of the U.S. Code provisions classifying federal misdemeanors and petty offenses and the precedent defining whether an alleged federal offense warrants a jury trial. Yet Congress did not exempt federal prosecutions of Section 6135 from those general requirements. Accordingly, there is no basis to infer that Defendants' right to a jury trial in Superior Court extends to federal court proceedings.

Although Defendants object to the premise that their jury trial rights should be dependent upon the government's selection of a forum for prosecution, the law does not forbid that outcome. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Prosecutors' exercise of their discretion may determine the length of a sentence that the defendant faces or otherwise impact the defendant. *See United States v. Batchelder*, 442 U.S. 114, 124–126 (1979) (finding that prosecutors' decision to charge a defendant under a particular statute because it carried a harsher sentence was within prosecutor's legal discretion and acknowledging that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate under any class of defendants" ); *Evans v. District of Columbia.,* 779 A.2d 891, 895 (D.C. 2001) (acknowledging that prosecutors have charging discretion and that "the existence of a right to a jury trial depends on the maximum punishment for the offense that is charged, not on the maximum punishment for an offense could be charged but is not"). Indeed, when the Supreme Court tied the right to a jury trial to an offense's status as a petty offense, it recognized that prosecutors' charging decisions could affect a defendant's right to a jury trial. *See Lewis*, 518 U.S. at 330 (noting that even if courts aggregated the potential sentences for multiple charges to determine whether defendant

7

has a right to a jury trial "the Government could properly circumvent the jury trial right by charging the counts in separate informations and trying them separately").

**III.      This Case Does Not Warrant the Discretionary Empanelment of a Jury.**

Finally, the Court declines to exercise its discretion to empanel a jury. The policy considerations identified by Defendants do not "outweigh the benefits to efficient law enforcement and simplified judicial administration resulting from the availability of speedy and inexpensive nonjury adjudications." *Duncan,* 391 U.S. at 160. Because Defendants are not entitled to a jury trial, the Court will conduct a bench trial to evaluate the facts and Defendants' culpability.

For the foregoing reasons, this 3rd day of May, 2019, Defendants' Motion for Jury Trial is **DENIED,** and it is **ORDERED** that a bench trial shall commence on October 28, 2019 in Courtroom 7 before the undersigned.


Date: May 3, 2019

                                         ROBIN M. MERIWEATHER
                                         UNITED STATES MAGISTRATE JUDGE